IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01139-REB-BNB

CHERRI J. YOUNG,
LAPHAUN WEBB,
RICHARD S. SPRINGS,
SHAWNEE Y. DOGUE,
MICHAEL C. PIERCE, and
SHELLI L. CONDOS,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
MARION K. FLORMAN, and
CYNTHIA M. DAVIS,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion To Remand** [#14], filed June 4, 2008. I grant the motion.

### I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction. Where the basis of removal is allegedly diversity of citizenship, therefore, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of

interest and costs. *See* 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." ***Laughlin v. Kmart Corp.***, 50 F.3d 871, 873 (10th Cir. 1995). Because plaintiffs' complaint does not recite a specific dollar amount of recovery sought, the burden is on defendants to establish by a preponderance of the evidence that the jurisdictional minimum is satisfied. ***Martin v. Franklin Capital Corp.***, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III. ANALYSIS

Both the procedural facts and legal issues presented in this case parallel those I recently considered in ***Hill et al. v. American Family Mutual Insurance Co. et al.***, Civil Case No. 08-cv-01447-REB-KLM. There, I held that defendants had not established that any one individual plaintiff's claims satisfied the minimum amount in controversy necessary to support federal diversity jurisdiction by reference to the Civil Cover Sheet. (*See* **Order Granting Plaintiffs' Motion To Remand** at 2-5 [#26], filed October 3, 2008.) Defendants here rely on the same arguments as were advanced in ***Hill*** to support their claim that the jurisdictional minimum is met. Those arguments are no more convincing here than they were in that case. For the reasons more fully expatiated in ***Hill***, therefore, I find and conclude that plaintiffs' motion to remand must be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Remand** [#14], filed June 4, 2008, is **GRANTED**;

2. That **Defendants Davis and Florman's Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6), and Brief in Support** [#16], filed June 16, 2008, is **DENIED AS**

**MOOT**; and

3. That this case is **REMANDED** to the District Court, Boulder County, Colorado (where it was filed initially as Case No. 2008CV456, Division 7).

Dated October 6, 2008, at Denver, Colorado.

                              **BY THE COURT:**

                              **s/ Robert E. Blackburn**
                              **Robert E. Blackburn**
                              **United States District Judge**